UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| BRYAN E. JONES, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 12-CV-225-KSF |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Bryan E. Jones is an inmate confined in the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Jones has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a Bureau of Prisons ("BOP") policy which he claims denies him early release from custody and violates his right to equal protection of the law. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Jones' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Jones' factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court will deny Jones' petition because he

does not possess a constitutionally protected interest in early release, and because he has not alleged a valid equal protection claim.

## BACKGROUND

On October 7, 2003, Jones was sentenced to a 262-month prison term for conspiring to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(1). *United States v. Jones*, No. 1:02-cr-10141-JBM-1 (C.D. Ill. 2003). The sentencing court enhanced Jones' sentence pursuant to U.S.S.G. § 2D1.1(b)(6)(C), finding that he had created a substantial risk of harm to the life of a minor or an incompetent. On December 6, 2004, Jones' sentence was reduced to 235 months pursuant to Federal Rule of Criminal Procedure 35(b), and it was again reduced to 160 months on December 12, 2008.[1]

On December 27, 2011, Jones submitted a request for formal remedy [R. 4-2, pp. 1-3], asking Deborah Hickey, then warden of FMC-Lexington, to change the BOP's policy defining a "crime of violence" so that he could be considered for participation in the BOP's Residential Drug Abuse Treatment Program ("RDAP"). An inmate who successfully completes the RDAP may, at the BOP's discretion, receive up to a one-year reduction of his sentence. 18 U.S.C. § 3621(e).

On January 11, 2012, Hickey denied Jones' remedy request, stating (1) that because Jones had not submitted a request seeking admission into the RDAP as of that date, the staff was unable to determine whether he was eligible to participate in the RDAP; and (2) BOP policy could not be changed at the institutional level. [R. 4-2, p. 4] On January 25, 2012, Jones appealed Hickey's denial to the BOP's Mid-Atlantic Regional Office ("MARO"). [*Id.*, p. 5]

---

[1] Jones' projected date of release from BOP custody is November 6, 2014. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=13091-026&x=156&y=30 (last visited on February 1, 2013).

After receiving Hickey's response, Jones applied for admission into the RDAP. On February 14, 2012, the BOP's Designation and Sentence Computation Center ("DSCC") legal staff completed a "Request for § 3621(e) Offense Review" form and determined that, under 18 U.S.C. § 3621(e) and BOP Program Statement 5162.05, §§4(b) and (d), Jones was ineligible for the early release benefit. [R. 4-3, p. 2] The DSCC legal staff noted that Jones' offense involved the carrying, possession, or use of firearms or other explosives; presented a serious potential risk of physical force against the person or property of another; was for conspiracy to commit an offense precluded by 28 C.F.R. § 550.55(b)(6); and that his guideline offense level included an enhancement for creating a substantial risk of harm to the life of a minor during the manufacture of methamphetamine. [*Id.*, p. 1]

On March 8, 2012, the MARO Director denied Jones' appeal, stating that Hickey had properly addressed his remedy request and that national policy could not be changed at the regional level. [*Id.*, p. 7] On May 9, 2012, Jones appealed the Director's response to the BOP's Central Office. [*Id.*, p. 8] Jones stated that as of July 27, 2012, the date on which he filed his habeas petition, he had received no response from the Central Office. [R. 4, p. 3, ¶ 9]

Jones raises two claims in his habeas petition. First, Jones argues that the BOP has violated his Fifth Amendment due process rights by treating sentence enhancements or sentencing factors as actual convictions for the purpose of converting a non-violent offense into a violent one, thus rendering him ineligible for RDAP participation and a one-year reduction of his sentence. Second, Jones contends that the BOP has violated his Fifth Amendment equal protection and due process rights by treating him differently than other similarly situated inmates without a rational basis for the distinct treatment.

3

**DISCUSSION**

As an initial matter, it is unclear from documents attached to the habeas petition whether Jones provided Warden Hickey, the MARO, or the Central Office with a copy of the DSCC's February 14, 2012, report finding him ineligible to participate in the RDAP. The exhaustion documentation which Jones provided suggests that he merely appealed Warden Hickey's January 11, 2012, response (to his formal remedy request) to the MARO. Hickey's response pre-dated the DSCC's completion of the "§ 3621(e) Offense Review" form on February 14, 2012.

Assuming that is the case, Jones's documented exhaustion efforts were premature because he did not give Hickey, the MARO, or the Central Office the opportunity to address the merits of the DSCC's determination of February 14, 2012, and the administrative responses Jones received from Hickey, the MARO, and the Central Office were not based on a complete administrative record. Accordingly, Jones' § 2241 petition will be dismissed without prejudice to his fully and completely exhausting his Fifth Amendment claims based on the DSCC's findings of February 14, 2012. Jones will not be prejudiced by this ruling because the administrative remedy process takes approximately 90 days, and his projected release date is not until November 6, 2014, which is a year and nine months from now.

Jones is advised that even if he fully exhausts his claims, he likely will not prevail on the merits of either of them. Jones first argues that the BOP violated his due process rights by denying him consideration for early release based not on his actual conviction but on factors which merely enhanced his sentence. Pursuant to 18 U.S.C. Section 3621(b), the BOP must provide drug abuse treatment programs for those prisoners the Bureau determines have "a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To encourage prisoners to participate in such

programs, Congress permits, but does not require, the BOP to reduce the sentence by up to one year of a prisoner convicted of a "nonviolent offense" who successfully completes the RDAP. 18 U.S.C. § 3621(e)(2)(B).

Because Section 3621(e) does not define a "nonviolent offense," and does not set criteria for eligibility for early release, the BOP promulgated regulations to implement the statute. 28 C.F.R. § 550.55 provides, in part, that an inmate whose current felony offense is for a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" is ineligible for early release. 28 C.F.R. § 550.55(b)(5)(ii) and (iii).

Jones was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). As the DSCC legal staff noted in the "Offense Review" form [R. 4-3], Jones' offense involved the carrying, possession or use of a dangerous weapon or explosives, explosive materials, or an explosive device, and Jones' sentence was enhanced because he had created a substantial risk of harm to the life of a minor during the manufacture of methamphetamine. "The dangers of methamphetamine laboratories to human life are well-documented." *United States v. Howell*, 201 F. App'x. 948, 949 (4th Cir. 2006). Therefore, the BOP did not err in concluding that manufacturing methamphetamine posed a cognizable danger which rendered Jones ineligible for a sentence reduction under Section 3621(e).

The BOP's regulations are a reasonable and permissible interpretation of the statute. Because Congress failed to define a "nonviolent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55 represents a reasonable interpretation of the

5

statute. District courts must accord "substantial deference" to an agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844-45 (1984). However, if the agency's regulatory action is not subject to the Administrative Procedures Act ("APA"), its interpretation is only "entitled to some deference." *Reno v. Koray*, 515 U.S. 50, 61 (1995).

The BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA, and it is therefore entitled to substantial deference. The BOP's interpretation is not inconsistent with the language of the statute as a whole, which provides that the BOP may only reduce the sentence of inmates convicted of nonviolent offenses. The BOP reasonably construed this limitation to exclude inmates who received a sentence enhancement for creating a substantial risk to human life in connection with the commission of a drug offense. Another district court in this circuit has recently addressed the same arguments which Jones advances and has concluded that the BOP's regulations in this context are reasonable and permissible interpretations of the statute. *See Palm v. Walton*, No. 11-10957, 2013 WL 119701 at *3 (E.D. Mich. Jan. 9, 2013). Following the holding in *Palm*, this Court would likely conclude that the BOP's interpretation of Section 3621(e) is reasonable and permissible.

Moreover, Jones had no constitutional right to a sentence reduction under Section 3621(e). In order to prevail on a due process claim, Jones must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally insufficient. That is, Jones must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and

significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Federal prisoners, however, have no constitutional or inherent right to participate in rehabilitative programs while incarcerated or to be conditionally released before the expiration of a valid sentence. *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The Court would therefore likely determine that Jones does not possess a constitutionally protected expectation interest in early release.

Jones next argues that the BOP infringed on his equal protection rights by excluding him from participation in the RDAP by concluding that his offense involved violent conduct. This claim fails for two reasons. First, the Attorney General has delegated prisoner classification procedures to the Director of the BOP, *see* 18 U.S.C. § 4081; 28 C.F.R. § 0.96; *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981), and claims based on classification procedures do not state constitutional claims. *See Moody*, 429 U.S. at 88 n. 9.

Second, to assert an equal protection claim, a plaintiff must allege that the law or regulation intentionally discriminates against him based on his membership in a protected class. *King v. Caruso*, 542 F. Supp. 2d 703, 727 (E.D. Mich. 2008) (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Prisoners, however, are not considered members of a protected class. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). Absent the plaintiff's membership in a protected class, a classification scheme will be upheld if it is rationally related to a legitimate state interest. *City of New Orleans v. Dukes*, 427 U.S. 297 (1976); *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

The BOP has determined that manufacturing methamphetamine poses a risk of danger to others - including minors. Preventing the early release of potentially violent inmates is a legitimate

governmental interest. *See Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (rejecting 2241 petitioner's equal protection challenge, finding that the BOP's rule that inmates who had been convicted of certain violent offenses were not eligible for early release was "rationally related to the legitimate governmental interest of preventing the early release of potentially violent inmates."). For these reasons, the BOP has a rational basis for excluding prisoners like Jones from consideration for early release under Section 3621(e). Accordingly, Jones likely could not sustain an equal protection claim challenging the fact that other prisoners who had not been convicted of the same offenses as he were deemed eligible to participate in the RDAP and possibly receive a sentence reduction.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Bryan E. Jones' petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This February 8, 2013.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**

8